Good morning, Bernard Hanson. On behalf of Appellant Michael Rood, Trustee, I would like to reserve two minutes for reply. May it please the Court, the Trustee, in order to prevail on his preference claim, had to prove the transfer at issue occurred within 90 days of the bankruptcy filings. Here, the transfer was a grant of a security interest, and under the Bankruptcy Code, the date of transfer for a security interest is the date of perfection. The sole ---- Roberts, what's your best case in Oregon that says that payment is required to perfect a security interest in a vehicle? There's not a whole lot of case law, period. There's not. The ones ---- the ones ---- at least the Oregon cases I saw seem to go the other way. At least they seem to say that all that's required is that the documents be filed, that it doesn't have any reference to payment. Do you have ---- And then maybe just the dearth of authority, but ---- Well, or to processing, which is ---- Or to processing. You know, you're arguing processing date is within the 90-day period. Let me see. Perhaps our best argument is that the statute itself says that the transfer shall be ---- excuse me, the payment of the fee shall be made, and so the statute is mandatory. And also, that is followed by what actually happened in the case. And in the case, when the DMV received outside the 90-day window the documents, it wrote back, one or more of the requirements are missing and your assistance is needed. An additional $60 is still needed before we can process your title. In order to complete your request, we need to receive the missing requirements within the next 30 days. So we have a statute ---- Counsel, I have a question for you. If a third party had tried to perfect a different security interest in the home, in the mobile home, between March 18 and May 13, that is after the application was filed, but before the payment was made and it was processed, when the third party checked title, would they see any interest of Honda? Our argument is that it would not because the clerk was holding it. The clerk didn't process ---- I'm just asking practically. Would a third party find a notation about Honda's application on the title at that stage, or would it just be blank? I think a date was stamped, but their name would not appear. Only when the title is processed does the name then go on the new title. So what would this third ---- what would the third party creditor see, if you know, at that ---- at the juncture that Judge Gould is talking about? If you went in and looked at the documents and said, okay, do we have a ---- is there a prior lien, what would the clerk have told him? What would the documents have shown, if you know? Well, arguably, if the person making the inquiry did not go to the clerk who was holding the file in abeyance until another act occurred, then I don't think they'd find anything. But there's a more important point, and that is the standard here is whether a judgment creditor on a simple contract judgment can get a superior interest. A judgment creditor gets a superior interest by having the marshal go out and levy on the motorhome. So the marshal would take that in, in possession, and then there would subsequently be a sale by the marshal. And I think it would probably be incumbent upon ---- let me see. I don't think the marshal necessarily has to go research the files in that it gives notice of the sale and maybe gives notice to anyone that may be on title. The marshal doesn't have to have the actual title itself. No, I understand that. That's the way that the bankruptcy law operates. But I think Judge Gould was asking a question which I'm also interested in, is that let's just take a hypothetical creditor, and the debtor wants to give an additional security interest, goes to the Department of Motor Vehicles, says, all right, is there another lien on it? Your answer is if he talks to the right clerk, he's going to say yes. If he doesn't talk to the right clerk, the answer is no? The stipulated facts don't address that hypothetical. There is not the factual record to develop that to answer it honestly. I don't have the personal knowledge. I've never been into an Oregon DMV, so I would not know. It would probably be the more accurate question. Well, if they didn't go to the DMV, but where does someone check records on the title of the motor vehicle? Is it at the DMV? It's my understanding that they would at the DMV. But let's just... There's such a dearth of Oregon authority, I wondered what you came up with in terms of general common law authority about when a security interest is perfected. So it's been a lot of years, but when I went to law school, one would have to show that the world had some notice of the interest. It's a little bit of a circular argument in that, well, when was it something perfected? And the answer is, well, when all acts were taken. Well, when were all acts taken? Well, when it was perfected. And so you get a little bit into this circular reasoning, but the best answer is that every single act required by state law must have been undertaken. Well, see, that doesn't really work, though. Let's take as a UCC problem, not a DMV problem. In the typical UCC, let's assume the Secretary of State files the UCC-1 form, which is the Perfection Act, and fails to collect the fee. Your argument would be it's not perfected, but I think clearly that would show notice to the world of the security interest. So if we use a UCC analogy, I don't think your reasoning works. The motor vehicle title is always an odd circumstance, because it takes a while to process the papers. So it's just, you know, we don't have much Oregon guidance on this, if any. I understand that the Court's, the difference in the scenario hypothetical proposed by the Court is that the clerk filing the UCC-1 would actually do something with it where it was of record. Yes. And here, that did not happen on March 18th. No, but your legal argument is you need the payment before the record is perfected in any case. And in my hypothetical, there's no payment. The clerk just records it. And here, if the clerk had just recorded it without accepting payment, and in the timely fashion, then I'm not sure you have much of an argument, because it's constructive notice to the world. I would agree, but that's not what happened in this case. Yeah. Say, could this issue be certified to the Oregon Supreme Court to let it tell us whether the security interest was perfected or not? It certainly could be. And I know opposing counsel and I would love to spend more time on a $60,000 case. The Oregon Supreme Court's kind of slow, too. The last one we certified, it took them two years. So you could be at this a while. But it would solve the problem. It would answer the question for us. Actually, do you ever settle things in bankruptcy courts? More often than not, because one party usually doesn't have that much money. Yeah. And I'm kind of wondering if it is a $60,000 case. I mean, it seems like your fees by now must be. I guess the question is with the assistance of the circuit mediator, would you object to the intervention of the circuit mediator to see whether or not this case could be resolved? I would not object, Your Honor, but opposing. You probably made a lot of attempts to settle it, I'm sure, by now. But we have, and I would also point, I've known Mr. Giussini for 20 years. We get along famously. This case started on just stipulated facts. There was no discovery. Put a stipulation together. Here's the facts. The judge decided. So we did streamline it as much as we could. I'm sure you did. Now, let me ask you this question. This is Chapter 7 or 13? This is Chapter 7. Okay. So how many creditors do we have? What are they going to get? If you hit a home run on this and get all of it? Then it may be a solvent estate to pay administrative expenses in full. Right now, it's a no-asset case? There is money in the case, but not enough to pay administrative expenses in full. I see. Okay. We'll give you some time for rebuttal. Why don't we hear from the other side? May it please the Court, Mr. Hanson. I don't think it's broke, Your Honor, so I don't want to fix it. I would like to address Judge Gould's question, if I might. I don't think that sending this to the Oregon Supreme Court would change things, Your Honor. It appears that the statute, at least the way we interpreted and I believe that Judge Bowie interpreted and Judge Benitez interpreted, was correct. It isn't ambiguous. A fee is not part of the perfection process. The perfection process, I'm sorry, Your Honor. Let me ask you a question, if I may. Please. And I like the literal statutory language argument. But how can one say that a lien is perfected when the world doesn't have notice of it? So like if some other person who wanted to claim security interest in the home made inquiry in that March 18 to May 13 period, as far as I can tell, there's nothing of record that would give them notice of Honda's prior lien. May I answer that, Your Honor? Yeah. I'd like you to. Please. Your Honor, factually, the application provided March 18 as the receipt date. The actual title itself provided stamped receipt date of March 18. It seems to me that the facts are clear, that the Oregon administrative regulation required the application and the title, and both of them were stamped with that March date. I don't see how any person or entity, for that matter, could then go to the DMV in Oregon and not find the interest of Honda. But how would that – see, that's what I wish you had stipulated to a few additional facts. Because how – I guess what I'm wondering is just how does it work as a practical matter if the thing hasn't been processed? How would anyone know to go and look for that title? And where would they look? Your Honor, the only way I can answer that is in the language of the Jesuits, which educated me, and that's with a question to Your Honor. No one else can process an application or a certificate of title for that car because one is already there. Well, I think that's true. But in bankruptcy, we're dealing with a hypothetical judgment creditor. So let's take the example given by Mr. Hansen, where you have the judgment creditor that comes in to take the mobile home and executes on it. Then, you know, of course, constructive notice is irrelevant to that creditor. And the question is, does that creditor have priority over someone whose lien has not been processed yet? Your Honor, the only way I can answer that question, and I have two responses to it, one is in connection with personal property. There has to exist a certificate of title. And on the certificate of title, it's stamped March 18th as the receipt date for the on-day application. Now, is that stamp stamped on it before the application is processed? Your Honor, I don't know the answer to that question. Because isn't that what the crux of this is? Obviously, once they get the payment and they process it, they're putting the application date on it, but is it perfected before that's stamped on the title for the world? That's what's hanging me up. Your Honor, I didn't mean to interrupt. The only way I can answer that question is by the language of the statute. The statute says that the receipt stamp is the date of perfection under Oregon law. I know what the statute says, but my concern and my question has been whether another creditor would get notice of that before the application was processed. Well, if I can address the Court's question by answering Mr. Hansen's hypothetical where the sheriff goes out. The sheriff can go out and pick up the vehicle. The sheriff doesn't determine perfection of liens. I don't know that it's necessarily the same scenario. His hypothetical is that you have a judgment creditor who executes on it. And under one theory, you come in and you say, well, look, you're entitled to execute on it, but we did have a prior perfected interest, and therefore you have to give us some of the proceeds. Another theory would be that they beat you to the punch and acquired a judgment lien subject to execution, and by execution perfected it prior to the perfection of your interest. The point I was trying to make, Your Honor, and maybe not very artfully, is that if the marshal goes out and picks up the vehicle, it still has to be sold. And that doesn't change security interests that are already perfected. If they pick up a vehicle, you need a certificate of title. No, I understand. That's what I'm saying. But if there's a judgment lien on all property, if you execute on the lien, it becomes perfected against the property. The question is, then, under that scenario, and that's when, of course, on the filing of bankruptcy, the trustee assumes a position of hypothetical lien creditor. Under that scenario, a judgment lien creditor, under that scenario, then, if that happens before your title is recorded, don't you lose your interest? I would say no, Your Honor, because of the language of the Oregon statute. It's not ambiguous, in my opinion. Another possible scenario is, and I can't say this across the board, certainly is, certainly in real property law, there's an inquiry notice. Well, sure. The titles have always been a little bit difficult to answer. I mean, motor vehicle titles are sort of, because of the nature of their processing and bankruptcy, have always created some trouble. I mean, I tend to agree with your statutory interpretation, but, frankly, certification isn't a terribly bad idea, because it only affects you in this case, but it does affect thousands of people in Oregon, and creditors and so forth, to have the answer to the question. Well, I don't know, Your Honor, obviously, if the question's come up. I can only recite to the record where, June 30th of 2002, the Department of Motor Vehicles said the perfection is as of March 18th, 2002. Now, that certainly isn't law. But it's certainly the way the DMV interpreted it. Counsel, do I understand from you that the record in this case would not tell us whether before May 13th the title was stamped with that application date? I'm sorry, Your Honor. Did you mean March 18th? Well, before May 13th, does the record tell us whether before May 13th the March 18 application date was actually stamped on the title so that someone looking for it could see it? Yes, sir. I believe that's the fact, that the actual title which is in the record bears that with the title. But does the record tell us when the stamp was put on the title? I can only assume, Your Honor, in the ordinary course of business that it's stamped the same day as they actually put the stamp on it, but I'm guessing. I suppose another option is to send it back for an evidentiary hearing. You stipulated facts, but we certainly don't know a lot of them. You can put on evidence, go up to Oregon and depose the DMV and tell us what the procedures are, what they think. Your Honor, we've been to the trial court, we've been to the court of appeals once, and now we're back again. I don't know that this is the type of question. No, but getting the answer right is what we try to do. And, you know, it's a — I tend to think, I mean, my — but each State's different. I mean, I know what the answer would be in my home State of Montana, but I can't tell with great assurance what it would be in Oregon. I think my client would react the same way that maybe Judge — Justice Wardlaw did, and that's economically, it probably doesn't — we'll do whatever the court orders us to do, but I don't think this is the case. Thank you very much. Any other questions, Your Honor? None for me. The Court made inquiry whether there was any other cases concerning this particular issue. The case cited by the trustee in his opposition to summary judgment motion in the Bankruptcy Court, which was filed November 17, 03, and is part of the excerpt of record, at beginning at page 4, the trustee cites Eckhart v. Morley, 220-Cal-229, a 1934 case. So it's a California case, but it deals with the specific issue of if you don't pay the fee when you submit the documents, what happens in that case? No, I mean, because we know from other states that payment of fee doesn't necessarily affect the perfection of the interest. The processing is maybe a different issue, but I just don't see how you can prevail on the payment of fee issue myself. That's just my opinion. I'm only one of three, but, you know, again, the UCC analogy, if it's filed and you give notice to the world, generally, you're going to, even if there's a hypothetical lien creditor, it's considered a perfected interest in a UCC case, even if you haven't paid the fees. Here it wasn't filed. It was submitted and the clerk didn't file it.  That's a different issue. And quickly, Your Honor, I think the issue is not whether Section 803.097, the perfection statute, is ambiguous. It has a very clear plain meaning. It says you need these two documents and only these two documents. However, the filing statute is just as unambiguous. It clearly states you have to pay a fee. So the issue is the trustee submits that when you have two statutes, their plain meaning is clear with both, but they conflict. What do you do? And to just look at 092, the perfection statute, and say, well, that sentence is clear and I'm not going to look at anything else, is not the correct analysis because there's another statute that deals. The statute says it covers all transfers of anything, of any title transaction in a motor vehicle. So we know payment of the filing fee covers perfection transaction. And so there is a conflict between these two statutes. And how do you resolve the conflict? I would say that this Court should resolve it by giving the greatest effect to both statutes, and that would be saying, yes, you do need these two documents are required, but you need to pay the filing fee also. The only other thing the Court could do is say, we're going to comply with this one, we're going to interpret this one and say, yes, you have to submit two documents, but we're going to ignore the other statute completely. That's not the proper, I would suggest, interpretation when two statutes conflict. Also, Your Honor ---- Kennedy, why do they conflict? They're just separate statutes. Statute 1 says you must do an act to achieve a result. Statute 2 says no, you have to only do B and C. So statute 1 says you must do A. Statute 2 says you must do only B and C. That is a conflict, I would argue. Okay. I think we have all of your arguments in hand. Any further questions? Okay. Thank you both for your arguments. The case is here to be submitted.
judges: Thomas, Wardlaw, Gould